THOMAS ROOHR *v.* TOWN OF CROMWELL ET AL.
(SC 18203)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan,
Eveleigh and Harper, Js.

Submitted on briefs March 16—officially released November 22, 2011

*Andrew J. Morrissey* filed a brief for the appellant (plaintiff).

*Michael McAuliffe* filed a brief for the appellees (defendants).

PER CURIAM. The plaintiff, Thomas Roohr, appeals[1] from the decision of the compensation review board (board), which affirmed the decision of the workers' compensation commissioner for the eighth district (commissioner) dismissing the plaintiff's claim for hypertension benefits under General Statutes § 7-433c (a)[2] as untimely under the one year limitation period of General Statutes § 31-294c (a).[3] The plaintiff contends, contrary to the determination of the board, that the commissioner improperly found that he had notice of his hypertension more than one year before he filed his claim for benefits pursuant to § 7-433c. While the

---

[1] The plaintiff appealed to the Appellate Court from the decision of the compensation review board, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 7-433c (a) provides in relevant part: "Notwithstanding any provision of chapter 568 or any other general statute, charter, special act or ordinance to the contrary, in the event a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department who successfully passed a physical examination on entry into such service, which examination failed to reveal any evidence of hypertension or heart disease, suffers either off duty or on duty any condition or impairment of health caused by hypertension or heart disease resulting in his death or his temporary or permanent, total or partial disability, he or his dependents, as the case may be, shall receive from his municipal employer compensation and medical care in the same amount and the same manner as that provided under chapter 568 if such death or disability was caused by a personal injury which arose out of and in the course of his employment and was suffered in the line of duty and within the scope of his employment, and from the municipal or state retirement system under which he is covered, he or his dependents, as the case may be, shall receive the same retirement or survivor benefits which would be paid under said system if such death or disability was caused by a personal injury which arose out of and in the course of his employment, and was suffered in the line of duty and within the scope of his employment. . . ."

[3] General Statutes § 31-294c (a) provides in relevant part: "No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . ."

plaintiff's appeal was pending, this court issued its decision in *Ciarlelli* v. *Hamden*, 299 Conn. 265, 300, 8 A.3d 1093 (2010), in which we clarified that the one year limitation period set forth in § 31-294c (a) for claims brought pursuant to § 7-433c does not begin to run until an employee is informed by a medical professional that he or she has been diagnosed with hypertension.[4] Subsequent to our decision in *Ciarlelli*, we ordered the plaintiff and the named defendant, the town of Cromwell,[5] to file supplemental briefs addressing whether the board's decision should stand in light of our holding in *Ciarlelli*.[6] The parties agreed to waive oral argument and to have this appeal decided on the basis of the record and briefs. Because the record indicates that the plaintiff did not file his claim for benefits until more than one year after he had been informed by his physician that he suffered from hypertension, we affirm the decision of the board.

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The plaintiff was hired in 1983 by the defendant as a police officer after he successfully passed a preemployment physical exam that revealed no evidence of hypertension or heart disease. In 2002, the plaintiff began seeing Ronald Kimmel as his primary care physician; prior thereto, he had seen other physicians in Kimmel's medical group. The plaintiff's medical records reflect that,

[4] We had stayed this appeal pending our decision in *Ciarlelli*, which presented identical issues to those raised in this appeal.

[5] Connecticut Interlocal Risk Management Agency, the heart and hypertension claims administrator for the town of Cromwell, also is a defendant. In the interest of simplicity, we refer to the town of Cromwell as the defendant throughout this opinion.

[6] Specifically, we asked the parties to address the following question: "In light of *Ciarlelli* . . . should the decision of the board affirming the dismissal of the [plaintiff's] claim as untimely be summarily reversed and the matter remanded with direction to reverse the decision of the commissioner and to remand the case to the commissioner for further proceedings according to law?"

between April 29, 2002, and October 17, 2003, he recorded numerous elevated blood pressure readings. On April 29, 2002, during his first visit with Kimmel, he recorded readings of 150/94 and 128/92. On June 3, 2002, he recorded readings of 150/100 and 128/92. On October 17, 2003, he recorded readings of 152/92 and 148/98, at which point Kimmel prescribed hypertension medication for him. On March 22, 2004, the plaintiff filed a notice of claim for benefits pursuant to § 7-433c, which the defendant subsequently moved to dismiss on the ground that the claim was untimely under § 31-294c (a).

A hearing on the plaintiff's claim was held at which the deposition testimony of Kimmel was entered into evidence. In his testimony, "Kimmel . . . [stated] that he diagnosed the [plaintiff] with hypertension on April 29, 2002, and discussed the condition with him [at that time]. He also [stated] that he had told the [plaintiff] on more than one occasion that he should lose weight, exercise, and change his diet in order to address his elevated blood pressure . . . . The [plaintiff] testified that he recalled the advice [that Kimmel had given him] regarding diet and weight loss but did not recall that it [had] related to elevated blood pressure." The plaintiff acknowledged, however, that it was possible that Kimmel had told him, in 2002, that he had problems with his blood pressure.

The commissioner subsequently issued a decision, finding that Kimmel had informed the plaintiff on April 29, 2002, that he had hypertension. The commissioner concluded that, because the plaintiff's claim was filed more than one year after that date, his claim was untimely under § 31-294c (a). The board subsequently upheld that decision, concluding that, "[b]ased on the . . . commissioner's finding that the [plaintiff] knew of his hypertensive condition on April 29, 2002, the statute of limitations began [to run] on that date, giving the [plaintiff] one year to file his claim. As that was not

done, the . . . commissioner properly dismissed the [plaintiff's claim] for benefits."[7] This appeal followed.

We issued our decision in *Ciarlelli* while this appeal was pending, and, subsequently, the parties filed supplemental briefs addressing the import of that decision to the present case. Despite our conclusion in *Ciarlelli* that the limitation period of § 31-294c (a) commences when an employee is informed by a medical professional that he or she suffers from hypertension, the plaintiff contends that his claim for benefits is not barred because he filed his claim within one year of the date on which his physician prescribed medication for his condition. The plaintiff's claim is unavailing. There is nothing in *Ciarlelli* to support the plaintiff's contention that a diagnosis of hypertension is insufficient to trigger the one year limitation period of § 31-294c (a) unless the diagnosis is accompanied by a prescription for hypertensive medication. Because the plaintiff's physician testified, and the commissioner expressly found, that the plaintiff was, in fact, diagnosed with hypertension and informed of that diagnosis more than one year before he filed his claim, the board properly upheld the commissioner's dismissal of the plaintiff's claim for benefits under § 7-433c.

The decision of the compensation review board is affirmed.

---

[7] It is axiomatic that, in an appeal from the decision of a commissioner, "[t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Deschenes* v. *Transco, Inc.*, 288 Conn. 303, 311, 953 A.2d 13 (2008); see also, e.g., *Tracy* v. *Scherwitzky Gutter Co.*, 279 Conn. 265, 272, 901 A.2d 1176 (2006) ("[n]either the . . . board nor this court has the power to retry facts" [internal quotation marks omitted]).